Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEBASTIAN LARRY LUBERS,<br><br>Defendant. | CASE NO. CR10-103RAJ<br><br>ORDER |

Before the Court are the following motions, which have been filed by Defendant Sebastian Larry Lubers:

1. Motion Regarding 7-Month Reduction in Sentence Due to Violation of Plea Agreement and Criminal History Category III (Dkt. #222);

2. Motion Requesting a Certificate of Appealability, or Granting Appeal in 9th Circuit if Defendant's Motion Pro Se (Dkt. #222) to Reduce Sentence Due to Violation of Plea Agreement and Change of Criminal History Score is Denied (Dkt. #224);

3. Motion for Reconsideration of Defendant's Motion Requesting All Motions and Hearings to be Sealed (Dkt. #225);

ORDER - 1

4. Motion for Reduction in Sentence Beyond the 7-Month Relief Requested (Dkt. #226);
   5. Motion Requesting a Hearing and To Be Able to Be Heard Orally (Dkt. #226-1);
   6. Unopposed Motion for Reduced Sentence for Violation of Plea Agreement and Criminal History Category Level III (Dkt. #230);
   7. Motion Requesting a Hearing Because Motions by Government Are Making Argument Confusing and Its Subject is Violation of Plea Agreement Unopposed Motion (Dkt. #232); and
   8. Motion – Attorney Terrence Kellogg Unopposed Motion of Government's Violation of Plea Agreement, Placed Before the Court 3/31/2017 (Dkt. #233).

Mr. Lubers is represented by counsel, Terrence Kellogg. As such, Mr. Lubers may not file further *pro se* motions unless he complies with the requirements of Local Civil Rule 83.2(b)(5). *See* Local Rules W.D. Wash. LCrR 1(a) (adopting Local Rules W.D. Wash. LCR 83.2(b) for criminal proceedings); Local Rules W.D. Wash. LCR 83.2(b)(5) (requiring a represented party that seeks to appear or act *pro se* to "request[] by motion to proceed on his or her own behalf, certif[y] in the motion that he or she has provided copies of the motion to his or her current counsel and to the opposing party, and [receive from the court] an order of substitution by the court terminating the party's attorney"); *see also United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981) ("A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel. . . . Whether to allow hybrid representation remains within the

sound discretion of the trial judge."); *United States v. Durden*, 673 F. Supp. 308, 309 (N.D. Ind. 1987) (citing *Halbert*, 640 F.2d at 1009) (exercising the discretion to decline to consider a represented criminal defendant's *pro se* motion). The Court directs Mr. Lubers to contact his counsel to discuss the relief he requests.

Because Mr. Lubers continues to improperly file motions *pro se*, the Court STRIKES the above motions from the docket.

DATED this 28th day of May, 2019.

_____
The Honorable Richard A. Jones
United States District Judge